IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NATVERLAL PATEL; and
JASWANTI PATEL                                                                                    PLAINTIFFS

v.                                              Case No. 4:10-CV-04195

VIKRAM TRIVEDI; and NEW YORK
LIFE INSURANCE COMPANY                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Separate Defendant New York Life Insurance Company's ("New York Life") Motion to Dismiss (Doc. 6), Plaintiffs' Response and brief in support (Docs. 9 and 10), and New York Life's Reply (Doc. 11). For the reasons set forth below, New York Life's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

**I. Background**

As New York Life's Motion is before the Court largely on a procedural issue, the relevant facts are as follows: Plaintiffs Natverlal and Jaswanti Patel ("the Patels") filed a Complaint against Vikram Trivedi and New York Life in an effort to recoup premiums paid for certain insurance policies the Patels had with New York Life. The Patels allege causes of action against New York Life for fraud in the inducement, civil conspiracy, negligent supervision, and breach of contract as well as seeking an accounting of the money they paid New York Life and the status of all their policies. The Patels filed the instant suit in state court on November 17, 2010. The case was removed to this Court on December 30, 2010. In their Complaint, the Patels list 11 policies for which they paid a lump sum to acquire.

None of the policies at issue were originally attached to the Patels' Complaint in this Court,

nor had they otherwise been made a part of the record. On September 30, 2011, the Court, by text order, directed Defendants to file a complete copy of the pleadings filed in state court. Defendant Trivedi supplemented the record by attaching the three exhibit policies which were originally attached to the Patels' state court complaint. New York Life states, in its Motion to Dismiss, that all three policies were issued in either 1998 or 1999. Upon review of the three policies, the Court finds that all have policy dates of either 1998 or 1999. Defendant Trivedi's separate Answer to the Complaint likewise alleges that all 11 policies listed by the Patels in their Complaint were issued on or before the year 2000. (Doc. 4, p. 2). The Patels do not dispute these claims in their Response to New York Life's Motion.

## II. Discussion

In ruling on a 12(b)(6) motion to dismiss, the Court accepts as true all of the factual allegations contained in a complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008); *see also Whitehead v. Delta Beverage Group, Inc.*, 2006 U.S. Dist. LEXIS 93493 (W.D. Ark. 2006). All reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Complaints should be liberally construed in the plaintiff's favor and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"[W]hen it appears from the face of the complaint itself that the limitation period has run, a limitations defense may be properly asserted through a 12(b)(6) motion to dismiss." *Wycoff v.*

*Menke*, 773 F.2d 983, 984-985 (8th Cir. 1985) (internal quotation omitted). That is precisely what New York Life has done in this case. The Patels chose to attach the three exhibit policies referenced above to their Complaint, choosing not to attach any of the other eight policies referenced in their Complaint. The Court, therefore, considers the three exhibit policies as representative of the 11 policies referred to in the Patels' Complaint. While the Complaint does not allege a date or time frame as to when the alleged occurrences took place, the three exhibit policies all have policy dates of either 1998 or 1999. The Patels did not commence this action in state court until November 17, 2010.

Under Arkansas law, which the Court must apply in this diversity case, the Patels' claims for fraud in the inducement and negligent supervision are subject to a three-year statute of limitations for tort claims under Ark. Code Ann. § 16-56-105. *Gunn v. Farmers Ins. Exch.*, 2010 Ark. 434 (2010) (applying § 16-56-105 to fraud in the inducement claim, starting the running of the statute of limitations at the time the contract was executed); *Cherepski v. Walker*, 323 Ark. 43 (1996) (applying § 16-56-105 to negligent supervision claim). Both fraud in the inducement and negligent supervision, as alleged by the Patels, would have occurred at the time the Patels were allegedly induced into entering into the insurance contracts. As more than ten years have passed since from the issuance of the exhibit policies, the Court finds that the Patels' claims for fraud in the inducement and negligent supervision should be DISMISSED due to the running of the limitations period for such claims under Arkansas law.

Assuming civil conspiracy is a cognizable claim under Arkansas law, such claim would be subject either to the three-year statute of limitations for torts or to the five-year statute of limitations applicable to any action not otherwise addressed by the Arkansas Code. Ark. Code Ann. § 15-56-

115. Any conspiracy, as alleged by the Patels, would have occurred at or before the time the policies were issued to the Patels, and Arkansas has specifically rejected any continuing-tort theory as tolling the statute of limitations. *Chalmers v. Toyota Motor Sales*, 326 Ark. 895, 906 (1996). The Court finds, therefore, that any civil conspiracy claim asserted by the Patels should be DISMISSED due to the running of the limitations period.

Plaintiffs have not otherwise alleged any facts that the Court might construe as tolling the applicable statutes of limitations, and have failed to meaningfully respond to New York Life's Motion in regards to dismissal based on the running of the statutes of limitations. Nor can the Court imagine any set of facts which Plaintiffs may be able to prove which would entitle them to relief from their claims being time-barred.

As to the Patels' breach of contract claims, the applicable statute of limitations mandates that such claims be brought within five years after the cause of action accrues. Ark. Code Ann. § 16-56-111. New York Life argues that any breach of contract claim must have been made within five years from the time the policy was issued. The Court does not agree with this assertion. As to their breach of contract claim, the Patels allege that New York Life breached the three exhibit policies by refusing to honor a waiver of premium benefit when Jaswanti Patel became disabled during the term of the policy. The Patels, therefore, are alleging that a breach occurred at some point after the policies had already been issued. The Complaint does not contain any allegation as to when this alleged breach occurred, and the Court cannot therefore make any ruling as to whether the Patels breach of contract claim may be barred by the running of the limitations period. Furthermore, drawing all reasonable inferences in favor of the Patels, the Court cannot find that the Patels can prove no set of facts in support of their claims which would entitle them to relief.

The Court finds, however, that New York Life's alternative motion for a more definite statement should be granted as to the Patels' breach of contract claims. Defendants cannot be expected to adequately respond to the Patels' Complaint without any allegation as to when any alleged breach occurred. The Patels will be required to provide a more definite statement as to their breach of contract which should include the following information: a date or definite timeframe as to when any alleged breach occurred and identification of any specific provisions that the Patels allege were breached. As to their breach of contract claim, it appears that the Patels reference only the three exhibit policies attached to the Complaint. However, if the Patels are asserting breach of contract claims involving any of the other referenced policies, the Patels are also directed to supplement the record to include copies of any policies they allege were breached.

### III. Conclusion

For all the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant New York Life's Motion to Dismiss (Doc. 6) is **GRANTED IN PART** insofar as Plaintiffs' claims for fraud in the inducement, negligent supervision, and civil conspiracy are **DISMISSED WITH PREJUDICE** as to New York Life pursuant to Fed. R. Civ. P. 12(b)(6). Defendant New York Life's Motion is **DENIED IN PART** insofar as Plaintiffs' breach of contract claim remains pending. The Court, however, denies New York Life's Motion as to Plaintiffs' breach of contract claim without prejudice as to New York Life's ability to re-file an appropriate motion to dismiss based on the information provided by Plaintiffs as a result of this Court's Order, below, requiring Plaintiffs to provide a more definite statement.

**IT IS FURTHER ORDERED** that Defendant New York Life's alternative motion for a more definite statement (contained within Doc. 6) is **GRANTED** as to Plaintiffs' remaining breach

of contract claim. Plaintiffs are ordered to amend their Complaint on or before December 30, 2011 to provide a more definite statement setting forth a specific date or definite timeframe as to when any alleged breach occurred and identification of any specific policy provisions they allege were breached.

**IT IS FURTHER ORDERED** that, in the event the Patels are asserting breach of contract claims involving any policies not already made a part of the record, the Patels are ordered to attach to their amended complaint copies of any policies they allege were breached.

**Plaintiffs are advised that failure to comply with this Order regarding timely filing of a more definite statement and adequate supplementation of the record may result in the dismissal of their action for failure to comply with a Court Order.**

IT IS SO ORDERED this 8th day of December 2011.

/s/ P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE