IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NATVERLAL PATEL; and
JASWANTI PATEL                                                                                    PLAINTIFFS

v.                                      Case No. 4:10-CV-04195

VIKRAM TRIVEDI; and NEW YORK
LIFE INSURANCE COMPANY                                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Separate Defendant Vikram Trivedi's first Motion to Dismiss (Doc. 14) and brief in support (Doc. 15) and Plaintiffs Natverlal and Jaswanti Patel's ("the Patels") Response (Doc. 17) and brief in support (Doc. 18); Separate Defendant New York Life Insurance Company's ("New York Life") Motion to Dismiss (Doc. 19) and brief in support (Doc. 20); and Defendant Trivedi's second Motion to Dismiss (Doc. 21) and brief in support (Doc. 22).  For the reasons set forth below, Trivedi's first Motion to Dismiss (Doc. 14) is DENIED AS MOOT; New York Life's Motion to Dismiss (Doc. 19) is GRANTED; and Trivedi's second Motion to Dismiss (Doc. 21) is GRANTED.

**I. Background**

The Patels originally filed their Complaint against Trivedi and New York Life in an effort to recoup premiums paid for certain insurance policies the Patels had with New York Life.  The Patels alleged causes of action against New York Life for fraud in the inducement, civil conspiracy, negligent supervision, and breach of contract and also sought an accounting of the money they paid New York Life and the status of all their policies. However, on December 8, 2011, the Court issued an Order (Doc. 13) as to New York Life's original Motion to Dismiss (Doc. 6) granting the motion

in large part, but denying the motion as to the Patels' breach of contract claim. As to their breach of contract claim, the Patels were ordered to amend their complaint and to provide a more definite statement setting forth a specific date or definite timeframe as to when any alleged breach occurred and identifying any specific policy provisions they allege were breached. Trivedi filed his first Motion to Dismiss soon after the Court issued its Order. The Patels then filed their Amended Complaint, as ordered, on December 30, 2011. In accordance with the Court's Order, the Amended Complaint dropped most of the claims originally brought against both Trivedi and New York Life, leaving only a breach of contract claim. The Patels have failed to respond to the motions to dismiss filed by Trivedi and New York Life regarding the Amended Complaint.

## II. Discussion

In ruling on a 12(b)(6) motion to dismiss, the Court accepts as true all of the factual allegations contained in a complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008); *see also Whitehead v. Delta Beverage Group, Inc.*, 2006 U.S. Dist. LEXIS 93493 (W.D. Ark. 2006). All reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Complaints should be liberally construed in the plaintiff's favor and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Much of the Amended Complaint contains references to express and implied warranties, loans, interest rates, taxes, etc. which seem to relate to the Patels' former claims for fraud in the

inducement, civil conspiracy, and negligent supervision which have already been dismissed. The only breach of contract allegation discernible to the Court is the Patels' allegation that New York Life breached the three exhibit policies by refusing to honor a waiver of premium benefit when Jaswanti Patel became disabled during the term of the policy. Any statements or allegations made in the Amended Complaint which are irrelevant to the breach of contract claim are not made in accordance with the Court's previous Order (Doc. 13) and, therefore, will not be addressed further in this Opinion.

Both Trivedi and New York Life argue that the Patels' claim for breach of contract is barred by the applicable statute of limitations under Arkansas law. The applicable statute of limitations mandates that such claims be brought within five years after the cause of action accrues. Ark. Code Ann. § 16-56-111. The Defendants argue that the Patels' cause of action accrued in 2002, when they first made a claim to New York Life that their premium should be waived due to Mrs. Patel's disability. The Court does not agree with this assertion. In a letter dated March 28, 2002, a representative of New York Life stated simply that New York Life was "looking into the matter." (Doc. 16-4). At that time, New York Life, it appears, had not made any decisions regarding whether the Patels' premium would be waived. According to the information contained in the pleadings and available to the Court, New York Life did not inform the Patels of its definitive decision until August of 2008, in a letter that started out by stating that New York Life had been "looking in to the circumstances of your claim for Waiver of Premium Benefits." (Doc. 16-13). The Court has no information that would indicate that a breach of contract action may have accrued before that time. Since the Patels' instant action was filed in November of 2010, the Court cannot find that the Patels' Amended Complaint should be dismissed as timebarred. The Court finds, however, that dismissal

is appropriate for other reasons as set forth below.

The Patels allege that "despite repeated demands . . . New York Life refused to honor the waiver of premium benefit and therefore, breached the contract." (Doc. 16, para. 21). However, it appears from the face of the pleadings, through the exhibits attached to the Patels' Amended Complaint, that New York Life did, in fact, respond to the Patels' demands - approving benefits under one policy, and rescinding – in the remaining two policies – the provision that the Patels contend were breached. In a letter dated August 8, 2008, the Patels were informed by a New York Life representative that waiver of premium benefits could be approved for one of the three policies. (Doc. 16-13). As to the other two policies, however, the Patels were informed that there was a concern about Mrs. Patel's failure to disclose certain medical information on the applications for those policies. *Id*. The Patels were asked to advise New York Life if there was any reason as to why the information was not disclosed. *Id.* In another letter attached to the Amended Complaint, the Patels were later advised by a New York Life representative that "New York Life Insurance Company must rescind the Disability Waiver of Premium Riders" under the remaining two polices in question. (Doc. 16-14).  The letter further states "[t]his action is being taken because, in your application for these policies, you omitted material information concerning your medical history." *Id*. The Patels do not allege that New York Life breached any of the policies by rescinding the Disability Waiver of Premium Provision (or by approving benefits for one policy).

The Patels allege no facts in their Amended Complaint as to how New York Life's response to their demands was a breach of contract. The Patels have also failed to respond to the motions to dismiss filed by the Defendants to provide any further explanation to the Court as to how their claim for breach of contract may be able to survive despite their failure to allege such facts.  It is not

sufficient for the Patels to simply allege that Jaswanti Patel became disabled and that a breach of contract occurred due to New York Life's failure to waive the premium. The exhibits referred to, and attached to, the Amended Complaint reveal, on their face, that New York Life responded to the Patels' complaints according to the provisions of their policies.  The Patels' allegation that New York Life, instead, breached the policies is not sufficient to state a claim for breach of contract. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  Additionally, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Twombly,* 550 U.S. at 555. Here, the Court finds that the Patels' Amended Complaint does not contain sufficient factual matter, accepted as true, to state a claim for breach of contract that is plausible on its face.[1]  The Court finds, therefore, that the Patels' Amended Complaint should be DISMISSED.

**III. Conclusion**

For the reasons set forth above, the Court hereby ORDERS that Defendant Trivedi's first Motion to Dismiss (Doc. 14) be DISMISSED AS MOOT.

IT IS FURTHER ORDERED that Defendant New York Life's Motion to Dismiss (Doc. 19) be GRANTED and Defendant Trivedi's second Motion to Dismiss (Doc. 21) be GRANTED and this matter be DISMISSED WITH PREJUDICE for failure to state a claim.

A separate Judgment will be entered contemporaneously herewith.

---

[1] The Court notes that it cannot readily discern a cognizable cause of action for breach of contract against Defendant Trivedi in the allegations contained in the Amended Complaint. However, assuming the Patels do allege a cognizable claim against Trivedi, any such claim is subject to dismissal due to the Patels' general failure to allege sufficient facts to state a claim for breach of contract.

IT IS SO ORDERED this 7th day of May, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE