IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NATVERLAL PATEL; and
JASWANTI PATEL                                                                                  PLAINTIFFS

v.                                      Case No. 4:10-CV-04195

VIKRAM TRIVEDI; and NEW YORK
LIFE INSURANCE COMPANY                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court and ripe for ruling are Defendant New York Life Insurance Company's ("New York Life") Motion for Attorney Fees (Doc. 27), Defendant Vikram Trivedi's Motion for Attorney Fees (Doc. 29), Plaintiffs Natverlal and Jaswanti Patel's ("the Patels") Motion to Set Aside Order (Doc. 36), and the Patels' Motion to Alter Judgment (Doc. 39). Also before the Court are the various responses, replies,[1] and supporting briefs filed by the parties in regard to the above-listed motions. For the reasons set forth below, New York Life's Motion for Attorney Fees is DENIED; Mr. Trivedi's Motion for Attorney Fees is DENIED; and Plaintiffs' Motions are likewise DENIED.

**I.      Motions to Set Aside Orders and to Alter Judgment**

The Patels have filed two motions requesting the Court to set aside all orders and the Judgment entered in this case. The Patels argue that the Court had no jurisdiction because New York Life did not properly consent to removal.

The instant matter was removed to this Court by Mr. Trivedi on December 30, 2010. (Doc.

---

[1] All replies in this case were filed without leave of Court, but the Court has nevertheless considered any reply filed.

1).  Mr. Trivedi asserts that New York Life was not included in the Notice of Removal because, to Mr. Trivedi's knowledge, New York Life had not yet been served with the Patels' Complaint, because no return of service had been filed by the Patels in the state court action.  New York Life, it appears, was unaware of Mr. Trivedi's removal of the action and attempted to remove the action itself on January 14, 2011.  (Doc. 42-1).  The Patels' attorney at the time was served with New York Life's attempted Notice of Removal (Doc. 42-2), and a Notice of Filing of Notice of Removal was filed in the state court case (Doc. 42-4, p. 2).  New York Life was informed by the District Court Clerk that the matter had already been removed by Mr. Trivedi, but nothing indicating that New York Life consented to Mr. Trivedi's removal was filed on the record in this Court.  New York Life's Motion to Dismiss, submitted in conjunction with its attempted Notice of Removal, was filed on the record on January 18, 2011.  Subsequent to that time, all parties have affirmatively engaged in litigation before this Court.

"Removal is authorized by 28 U.S.C. § 1441 and governed by 28 U.S.C. § 1446.[2]  Where there are multiple defendants, all must join in a notice to remove within thirty days of service." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 933 (8th Cir. 2012).  The Eighth Circuit is "disinclined to apply the unanimity requirement in a hypertechnical and unrealistic manner." *Id.* (internal quotation omitted).  It is not necessary for each defendant to sign a notice of removal.

---

[2] Congress recently amended 28 U.S.C. §§ 1441 and 1446 on December 7, 2011.  The instant action was commenced in state court with the filing of the Patels' Complaint in November 2010.  Ark. R. Civ. P. 3(a).  Because the amendments did not take effect until after the commencement of this action, the amendments do not apply in this case. *See* Pub. L. No. 112-63 § 105, 125 Stat. at 762.  In any event, the "later-served rule" codified by the amendment to 28 U.S.C. § 1446(b) had been previously adopted by the Eighth Circuit under the pre-amendment statute. *See Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 756-57 (8th Cir. 2001).  And, in the instant matter, both Defendants were served within one day of each other, with New York Life served one day before Mr. Trivedi.

*Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008). "There must, however, be some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant has actually consented to the removal." *Id*. (internal quotation omitted). "A paper is filed by delivering it to the clerk . . . ." Fed. R. Civ. P. 5(d)(2)(A).

New York Life timely consented to Mr. Trivedi's removal of this case by filing a Notice of Removal in state court and attempting to file a Notice of Removal in this Court in addition to actively seeking relief from this Court—all within 30 days of New York Life being served on December 17, 2010[3]. Under the Federal Rules of Civil Procedure, New York Life's Notice was filed by the act of New York Life delivering the paper to the District Court Clerk. Fed. R. Civ. P. 5(d)(2)(A). In any event, although the District Court Clerk did not file New York Life's Notice of Removal on the record in this case, the Court received timely, unambiguous, written notification that New York Life consented to removal. The District Court Clerk could have filed New York Life's Notice on the record.[4] But, given the fact that the Court was nevertheless informed, counsel for the Patels was served with a copy, and a Notice was filed on the record in state court, the mere failure to file New York Life's Notice on the record in this case cannot be fatal to the Court's exercise of jurisdiction. The Court finds that removal was not defective in this case.

---

[3] The 30th day would have been January 16, 2011, which was a Sunday. January 17, 2011 was a federal holiday. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the time period would continue to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

[4] The Court interprets the phrase "defendant or defendants" in 28 U.S.C. § 1446(a) to indicate that multiple defendants may attempt to remove an action by filing a notice of removal. *Pietrangelo v. Alvas Corp.*, 686 F.3d 62 n.4 (2d Cir. 2012).

However, assuming for argument's sake that the removal was defective, the Court finds that the Patels waived their ability to object to the Court's exercise of jurisdiction in this case. The Patels do not really address the waiver issue in their briefings, and instead focus on arguing that the Court must first decide whether the removal was valid in the first place.[5] The Court has decided that the removal was valid, but even so, the Court does not agree that such a finding would have been necessary since the Patels are arguing invalidity of the removal based only on a procedural defect, which can be waived. Rather, the Court is making an additional and alternative finding that the Patels would otherwise have waived any objection to the Court's exercise of jurisdiction.

Procedural removal requirements, such as the requirement that all defendants join in a removal petition, "are not jurisdictional, and thus a party may waive the right to object to removal on those grounds." *Nolan v. Prime Tanning Co.*, 871 F.2d 76, 78 (8th Cir. 1989). "This is especially true after a case has been decided on the merits . . . ." *Id.* "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Here, the parties do not dispute that the Court could exercise diversity jurisdiction, nor do they dispute that the Patels failed to move for remand within 30 days of the notice of removal. Rather, the Patels did not challenge the removal until a year and a half after the case was removed and after the case had been decided on

---

[5] At one point, the Patels raise the issue that the Patels stated in their original Complaint that they believed Mr. Trivedi was a resident of Illinois, and added that he might have an office in Arkansas. (Doc. 48, ¶ 6). In the event that comment was intended to bring into question the Court's subject matter jurisdiction, the Court notes that whether or not Mr. Trivedi had an office in Arkansas is irrelevant to his citizenship for the purposes of determining whether the Court may exercise diversity jurisdiction. Rather, citizenship for diversity purposes must be determined by a person's physical presence in a state with his or her intent to remain there indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). In his Notice of Removal, Mr. Trivedi affirms that he is a citizen of Illinois. (Doc. 1, ¶ 5).

the merits.  The Court finds that, had removal been defective, the Patels would otherwise have waived their right to object to removal on the ground that New York Life did not consent.  The Court finds, therefore, that the Patels' Motion to Set Aside Order should be denied.  The Court likewise finds that the Patels' Motion to Alter or Amend Judgment and for Relief from Judgment should be denied.

**II.     Motions for Attorney Fees**

Both New York Life and Mr. Trivedi seek an award of attorney's fees under Ark. Code Ann. § 16-22-308, which provides that in a breach of contract action, "unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs."

As to Mr. Trivedi, the Court noted in its previous order that it could not "readily discern a cognizable cause of action for breach of contract against Defendant Trivedi in the allegations contained in the Amended Complaint." (Doc. 25, n. 1).  The claims originally brought by the Patels against Mr. Trivedi for fraud in the inducement and civil conspiracy do not sound in contract.  The Court dismissed those claims, upon motion by New York Life, as being barred by the applicable statute of limitations.  Mr. Trivedi did not join in New York Life's Motion to Dismiss, but instead filed a separate Motion to Dismiss (Doc. 14) after the Court had already decided the pertinent issues and directed the Patels to file an amended complaint.  Mr. Trivedi's original Motion to Dismiss was mooted upon the Patels filing an Amended Complaint.  The Court is disinclined to agree that Ark. Code Ann. § 16-22-308 allows for the awarding of attorney's fees to Mr. Trivedi in this case, as the claims brought by the Patels against Mr. Trivedi did not sound predominantly in contract.

It appears more likely that Ark. Code Ann. §16-22-308 would allow for an award of

attorney's fees to New York Life in this case, as the Patels' claims against New York Life do appear to be, at least in large part, contractual. The Court has some question, however, as to whether Ark. Code Ann. § 23-79-208 would operate to bar an award of attorney's fees to an insurer—New York Life—in a case for breach of contract brought by its insureds—the Patels. *See Employers Surplus Inc. Co. v. Murphy Oil USA, Inc.*, 338 Ark. 299 (Ark. 1999) (following Arkansas precedent and Arkansas law in finding that attorney's fees could not be awarded to an insurer when an insured has filed an action seeking recovery for a claim under his or her policy).

However, even were Ark. Code Ann. § 16-22-308 to apply, the Court rules in its discretion that no attorneys' fees should be awarded to either Mr. Trivedi or New York Life in this case. The issues in this matter were not particularly complex and the Patels' case was not zealously litigated. Much of the work done between the two separate defendants was duplicative. Furthermore, the Court would exercise its discretion not to penalize the Patels—who, according to their allegations, do not appear to have an abundance of resources at this time—for what appears to be questionable advocacy by their attorney. The Court finds that both Mr Trivedi's and New York Life's Motions for Attorney Fees should be DENIED.

### III. Conclusion

For the reasons set forth above, IT IS ORDERED that the Patels' Motion to Set Aside Order (Doc. 36) is DENIED.

IT IS FURTHER ORDERED that the Patels' Motion to Alter or Amend Judgment and for Relief from Judgment (Doc. 39) is DENIED. The Court notes, however, that the Patels' request that the Court grant an extension of time in which to file a notice of appeal is unnecessary, and this Order should not be seen as an attempt by the Court to curtail the Patels' appeal rights.

IT IS FURTHER ORDERED that New York Life's Motion for Attorney Fees (Doc. 27) is DENIED.

IT IS FURTHER ORDERED that Mr. Trivedi's Motion for Attorney Fees (Doc. 29) is DENIED.

IT IS SO ORDERED this 19th day of December, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE