IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NATVERLAL and JASWANTI PATEL                                  PLAINTIFFS

v.                                   Case No. 4:10-CV-04195

NEW YORK LIFE INSURANCE COMPANY                              DEFENDANT

## OPINION AND ORDER

Currently before the Court is the motion of Plaintiffs Natverlal and Jaswanti Patel for leave to file a second amended complaint (Doc. 87) and Defendant New York Life Insurance Company's ("New York Life") response (Doc. 91). The Patels have also served New York Life with a Rule 30(b)(6) notice duces tecum, and New York Life filed a motion for a protective order (Doc. 93) asking the Court to quash the notice, or at a minimum to stay further discovery until resolution of the other pending issues. The Patels have filed a response (Doc. 95) and brief in support (Doc. 96) opposing the motion for a protective order. The Patels have also filed a motion to shorten New York Life's time to respond to a Rule 34 request (Doc. 97) and brief in support (Doc. 98), to which New York Life has responded (Doc. 99). For the reasons set forth below, the Patels' motion to shorten New York Life's time to respond to the Rule 34 request (Doc. 97) will be GRANTED, and the Patels' motion for leave to file a second amended complaint (Doc. 87) and New York Life's motion for a protective order (Doc. 93) will be DENIED, as stated herein.[1]

I.      **Background**

The Patels filed their original complaint in this matter against New York Life and a separate defendant, Vikram Trivedi (who has since been dismissed), in an effort to recoup

---

[1] Also pending before the Court is New York Life's motion for summary judgment (Doc. 75) and the parties' filings related to that matter. The instant Order does not address that motion.

1

premiums paid for certain life insurance policies the Patels had with New York Life.  The Patels alleged causes of action against New York Life for fraud in the inducement, civil conspiracy, negligent supervision, and breach of contract, and also sought an accounting of the money they paid New York Life and the status of all their policies.  On December 8, 2011, the Court issued an Order (Doc. 13) as to New York Life's original motion to dismiss (Doc. 6), granting the motion in large part but denying the motion as to the Patels' breach of contract claim.  The Patels were ordered to amend their complaint and to provide a more definite statement setting forth a specific date or definite timeframe for when any alleged breach occurred and identifying any specific policy provisions they allege were breached.  The Patels filed their amended complaint (Doc. 16) on December 30, 2011.

In an attempt to comply with the Court's order the amended complaint dropped most of the claims originally brought against New York Life, leaving only a breach of contract claim. New York Life then filed a motion to dismiss the amended complaint.  In over four months, the Patels failed to respond to the motion.  The Court subsequently entered an order granting New York Life's motion to dismiss.  In that order, the Court found as follows:

> The Patels allege that "despite repeated demands . . . New York Life refused to honor the waiver of premium benefit and therefore, breached the contract."  (Doc. 16, para. 21).  However, it appears from the face of the pleadings, through the exhibits attached to the Patels' Amended Complaint, that New York Life did, in fact, respond to the Patels' demands - approving benefits under one policy, and rescinding – in the remaining two policies – the provision that the Patels contend were breached.  In a letter dated August 8, 2008, the Patels were informed by a New York Life representative that waiver of premium benefits could be approved for one of the three policies. (Doc. 16-13).

(Doc. 25, p. 4).  Even though the Court had ordered the Patels to make a more definite statement in their amended complaint regarding their breach of contract allegations, "[t]he Patels d[id] not allege that New York Life breached any of the policies by rescinding the Disability Waiver of

Premium Provision (or by approving benefits for one policy)." *Id.*  The Court went on to find as follows:

> The Patels allege no facts in their Amended Complaint as to how New York Life's response to their demands was a breach of contract.  The Patels have also failed to respond to the motions to dismiss filed by the Defendants to provide any further explanation to the Court as to how their claim for breach of contract may be able to survive despite their failure to allege such facts.  It is not sufficient for the Patels to simply allege that Jaswanti Patel became disabled and that a breach of contract occurred due to New York Life's failure to waive the premium.  The exhibits referred to, and attached to, the Amended Complaint reveal, on their face, that New York Life responded to the Patels' complaints according to the provisions of their policies.

*Id.* at pp. 4-5.

The Court dismissed all of the Patels' claims with prejudice.  (Doc. 25).  On appeal, the Eighth Circuit affirmed much of the Court's order of dismissal, but found that the Patels had plausibly alleged a claim for breach of contract against New York Life.  (Doc. 54-2, p. 2).  In particular the court of appeals explained that the Patels plausibly alleged that New York Life wrongfully rescinded waiver-of-premium provisions, and also alleged that "failure to disclose prior arthritis treatment in 1999 was not a material misrepresentation warranting rescission." (Doc. 54-2, pp. 2–3).  The case was remanded to the Court "for further proceedings on that claim." (Doc. 54-2, p. 3).

The remaining breach of contract claim currently before the Court on remand is that found in the Patels' amended complaint (Doc. 16).  In particular, the Patels allege that they had life insurance policies with New York Life designated Policy Numbers 46-524-686 ("686"), 46-638-979 ("979"), and 46-408-470 ("470"); that these policies insured Jaswanti Patel; that these policies each contained a provision that stated that if the insured became disabled, premiums would be waived; that following a car wreck, Jaswanti Patel injured her back, underwent surgery, and was declared disabled; that she was then entitled to waiver of her premiums under

policies 686, 979, and 470; that she made a claim for waiver; that her claim was denied and that New York Life rescinded the waiver-of-premium provisions in the policies; and that New York Life's actions breached the contract.  New York Life has filed a motion for summary judgment on this issue.  The Patels' have responded, and have filed a motion for leave to file a second amended complaint.  They have also moved the Court to shorten the time New York Life has to respond to the Patels' request for the production of documents, so that the Patels can seek leave to amend their pleadings based on the contents of that document production.

## II.    Discussion

The current scheduling order (Doc. 67) sets a deadline of October 14, 2014 to request leave to amend the pleadings.  Once the time for amending a complaint as a matter of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In general, denial is justified only when there has been undue delay or bad faith on the part of the moving party, if amendment would be futile, or if allowing the amendment would result in unfair prejudice to the opposing party.  *Krispin v. May Department Stores Co.*, 218 F.3d 919, 924 (8th Cir. 2000).  "An amendment *can* be proper after remand to the district court even if the claim was presented for the first time on appeal or had not been presented to the district court in a timely fashion."  *City of Columbia, Mo. v. Paul N. Howard Co.*, 707 F.2d 338, 341 (8th Cir. 1983) (emphasis added).  After a complaint has been dismissed, however, a district court may in its discretion refuse to allow an amendment that changes the theory of the case when the party seeking leave to amend has not shown a valid reason for failing to present the new theory earlier.  *Sweat v. City of Fort Smith, Ark.*, 265 F.3d 692, 699 (8th Cir. 2001).

Although the court of appeals affirmed this Court's decision on the Patels' other claims,

the court of appeals reversed this Court's dismissal of the breach of contract claim and remanded for further proceedings on that claim.  (Doc. 54-2, p. 2–3).  So while the breach of contract claim remains, the Court considers the Patels' complaint to have otherwise been dismissed.  The Court approves of amendments to the Patels' complaint that would provide a more definite statement of their breach of contract claim, as should be clear from the Court's memorandum opinion and order (Doc. 13) that initially ordered the same, and led the Patels' to file the amended complaint (Doc. 16) that was the subject of dismissal and appeal.  However, the proposed second amended complaint (Doc. 87-1) appears to be an attempt to expand the Patels' claims beyond breach of contract.  For example, the proposed second amended complaint references Defendant's "bad faith" and asks for punitive damages.  (Doc. 87-1, ¶¶ 44, 46).  It is well-settled under Arkansas law that "[o]rdinarily, punitive damages for breach of contract are not allowed."  *L.L. Cole & Sons, Inc. v. Hickman*, 665 S.W.2d 278, 280 (Ark. 1984).

The references to bad faith and punitive damages seem to be an attempt by the Patels to raise tort claims at this late stage of litigation.  Furthermore, the Court has some concern that the factual allegations regarding the actions of now-dismissed insurance agent Vikram Trivedi are an attempt to resurrect fraudulent inducement claims that have already been dismissed.  Because dismissal of the non-breach claims the Patels first sought to bring has been affirmed, the burden is on the Patels to show a valid reason for not bringing any additional claims earlier.  *Sweat*, 265 F.3d at 699.  Their motion for leave to amend gives *no* reason.  All of the facts alleged appear to be facts that were known to the Patels when they initially filed this complaint in late 2010, and the time for pleading those claims was then—not a month before the close of discovery.

The Eighth Circuit has made clear that amendment after remand might be acceptable, even when a new theory is raised or when there has been delay in amending.  *City of Columbia,*

5

*Mo.*, 702 F.2d at 341.  However, seeking to amend with new theories a month before discovery closes, and nine months after the case was returned to this Court, is evidence of undue delay, and would no doubt prejudice the defendants, whose prelitigation efforts since remand have focused only on the breach of contract claim.[2]  The Court remains receptive to an additional motion seeking leave to amend the breach of contract claim, especially to the extent any such motion seeks to further clarify that claim.   An amendment allowing new claims or resurrecting previously dismissed claims is not required to do justice in this case, and the instant motion for leave to file an amended complaint will accordingly be denied.

Turning to New York Life's motion for a protective order, the Court notes that this is essentially a discovery dispute seeking to limit discovery on the breach of contract claim.  The Court expects counsel to remain collegial and cooperative during pretrial litigation (even when, as here, counsel for one party has been substituted multiple times) in order "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1. Unless the Court orders otherwise, the Federal Rules allow discovery pertaining to "any nonprivileged matter that is relevant to any party's claim or defense," and clarify that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

New York Life has attached to its motion for a protective order the Patels' Rule 30(b)(6) notice duces tecum from which New York Life seeks relief.  The Patels have a pending breach of contract claim on policies 686, 979, and 470.  The notice duces tecum appears directed at discovering evidence relevant to the Patels' breach of contract claim, including the amount of damages on that claim.  Information regarding premium payments New York Life received from

_____

[2] For example Defendant's pending motion for summary judgment (Doc. 75) focuses on that issue.

the Patels, and regarding which of the Patels' several policies those payments were applied to, is relevant to damages for breach, and therefore discoverable.  The same is true for the other areas of discovery identified in the notice duces tecum.  Discovery is proper to the extent it is relevant to the breach of contract claim.  New York Life has given no reason why it should be insulated from a request for discoverable material.  Accordingly, New York Life's motion for a protective order will be denied.

Finally, the scheduling order in this case requires that all motions for leave to amend the pleadings be filed no later than October 14, 2014.  The Patels ask the Court to shorten by four days the time New York Life has to respond to the Patels' request for production so that they can review those documents and seek leave to make a final amendment to their complaint.  While the basis of the Patels' motion appears to be concern for the amount of damages and fees they can seek, and while New York Life may take issue with the Patels' damages model, New York Life's opposition is not founded in any claimed inability to produce by the deadline.  Rather, it seems to be based in New York Life's opposition to any future amendment of the Patels' breach of contract claim.  As the Court has expressed, however, an amended complaint that gives a more definite statement to the pending breach of contract claim would be appropriate.  Accordingly, the Patels' motion will be granted.

III.    **Conclusion**

IT IS THEREFORE ORDERED that Plaintiffs' motion for leave to file a second amended complaint (Doc. 87) is DENIED without prejudice to a future motion to amend.

IT IS FURTHER ORDERED that Defendant's motion for a protective order (Doc. 93) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to shorten Defendant's time to

respond to Plaintiff's Rule 34 request for production (Doc. 97) is GRANTED.  Defendants are ordered to produce by October 6, 2014.

IT IS SO ORDERED this 19th day of September, 2014.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE