IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NATVERLAL and JASWANTI PATEL                                    PLAINTIFFS

v.                                    Case No. 4:10-CV-04195

NEW YORK LIFE INSURANCE COMPANY                                DEFENDANT

## ORDER

Currently before the Court is Defendant New York Life Insurance Company's ("New York Life") motion to clarify, or, in the alternative, renewed motion for a protective order (Doc. 101). No response has yet been filed by the Patels, who are Plaintiffs in this case. New York Life's motion asks for clarification of the Court's previous Opinion and Order (Doc. 100) because the parties cannot agree on the scope of permissible discovery in this case. The motion also renews the motion for a protective order because New York Life does not believe it can produce a Rule 30(b)(6) witness in compliance with the Patels' current notice duces tecum.

The Eighth Circuit's opinion remanding to this Court held that the Patels stated a plausible breach of contract claim based on three policies. The Court of Appeals did not hold that the breach claim is limited solely to the issue of rescission of the waiver of premium riders. Instead, it held that pleading the rescission issue was enough to overcome the barrier posed by New York Life's motion to dismiss. The Patels are therefore entitled to discovery relevant to the breach of contract claim on these three policies. The Patels' failure prior to the instant dispute to develop their breach of contract claim beyond the rescission issue is immaterial.[1]

The Court's Order (Doc. 100), which denied New York Life's motion for a protective order, explains that the Rules allow broad discovery relevant to breach of contract. Nowhere

---

[1] Except insofar as that failure to develop the case led to the Court's earlier pronouncement that the lone issue remaining "is narrow and limited." (Doc. 83).

1

does that Order limit discovery solely to the issue of rescission of the waiver of premium riders. Instead, discovery is limited to the pending breach of contract claim, as opposed to unpleaded or dismissed tort claims.  Nothing in the Court's Order limits the scope of discovery solely to the rescission theory of the case on the breach claim.  The Court reminds the parties that the scope of discovery is intended to be broad as to both documents and witnesses produced.

Although the Patels have pleaded a breach only of three policies, it is at least conceivable that information regarding other policies may be relevant to the pending breach claim.  The example given by the Court in its Order was the issue of payments the Patels made and which policies they were applied to, but other information (such as evidence related to other policies that might establish a course of dealing between the parties) may also be relevant to the breach of contract claim on the three policies at issue.  New York Life has not established that the evidence related to other policies is irrelevant to the breach of contract claim on the allegedly-breached policies,[2] so the Court will not preemptively prohibit discovery of that entire category of evidence.  Going forward, if one party refuses to produce evidence or a witness that another party believes is relevant, a motion to compel is the appropriate vehicle to address that issue.

New York Life's instant motion also renews its request for a protective order because counsel for New York Life does not believe it is able to produce a 30(b)(6) witness at the time of the scheduled deposition, and the Patels have not agreed to reschedule the deposition.  A protective order may be issued under Rule 26 for "good cause" in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  "The burden is . . . upon the movant to show the necessity of its issuance, which

---

[2] New York Life's claim that no breach occurred because a waiver was granted on policy 470 is a merits determination dependent on facts revealed by discovery, not a basis for limiting discovery on the breach claim.

2

contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quotation omitted).  It appears that the Patels are unwilling to reschedule the deposition in light of the looming close of discovery and the amendment deadlines imposed by the scheduling order, and because Plaintiffs' counsel has already purchased airline tickets and hotel reservations.  It also appears that as of September 19th or 20th, counsel for New York Life still had "not yet begun to identify an appropriate designee."  (Doc. 101-1, p. 1).  New York Life's earlier decision to narrowly interpret the scope of the remaining breach of contract issue and its decision not to prepare for requested discovery are not good cause, and the renewed motion will be denied.

The Court's conclusion, drawn from exhibits attached to the parties' filings, is that the present conflict arises in part from the deadlines in the scheduling order.  Therefore, the parties are ordered to meet and confer regarding a limited modification of the scheduling order.  Although the current discovery issues do not appear to justify rescheduling the trial or motions deadlines, it appears there may be good cause for a short extension of the discovery period and the deadline to seek leave to amend.  After meeting and conferring, a joint motion may be filed pursuant to Rule 16(b)(4).  If amending the scheduling order does not allow the parties to amicably resolve the current issue, further action may be considered at that time.

IT IS THEREFORE ORDERED that New York Life's renewed motion for a protective order (Doc. 101) is DENIED.

IT IS SO ORDERED this 29th day of September, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE