IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NATVERLAL PATEL and JASWANTI PATEL                                          PLAINTIFFS

v.                                    Case No. 4:10-CV-04195

NEW YORK LIFE INSURANCE COMPANY                                              DEFENDANT

**OPINION AND ORDER**

Currently before the Court are Plaintiffs Natverlal and Jaswanti Patels' motions to compel (Doc. 108) and modify the Court's schedule (Doc. 110), and supporting documents. Defendant New York Life Insurance Company ("New York Life") has filed responses (Docs. 111, 112).[1]  The Court held a hearing on the motion to compel on November 12, 2014.  Also pending before the Court is the issue of fees and expenses borne by New York Life in making its own motion to compel (Doc. 81) earlier this year.  Having considered the arguments and authority pertaining to these issues, the Court will grant the Patels' motions to compel and modify the schedule, and will order payment of New York Life's expenses and fees on the earlier motion to compel, as explained below.

**I.     The Patels' Motion to Compel**

The present discovery dispute has been the chief issue in this litigation since September, when New York Life filed its first motion for a protective order related to these issues (Doc. 93). The Court has previously explained to the parties that the breach of contract claims on policies '470, '686, and '970 survived appeal of their earlier dismissal and have been remanded to the

---

[1] The Patels filed a reply (Doc. 110) to the response to the motion to modify the scheduling order.  The Patels' reply was filed without leave of Court and has not been considered on this motion.  *See* Local Rule 7.2(b) (indicating that the only reply that may be filed as a matter of course is a reply to a response to a motion for summary judgment).  Going forward, the parties are not to file replies to responses, except on a motion for summary judgment, without having first been granted leave.

Court for resolution. The Court has also explained that the Eighth Circuit opinion remanding the case to this Court does not limit the breach of contract claims to a narrow theory, but simply explains that an actionable breach of contract has been pleaded. This means that the Patels are entitled to broad discovery relevant to breach of contract. Despite these explanations, New York Life continues to take a limited view of its discovery obligations, apparently based on a belief that the scope of those obligations is limited by New York Life's view of the merits of the case.

The Court embraces the admonition of the Honorable Ruben Castillo, Chief Judge of the United States District Court for the Northern District of Illinois. "The Federal Rules and this Court do not countenance self-selecting discovery by either party." *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 338, 343 (N.D. Ill. 1995). New York Life's discovery responses attempted to limit the scope of its discovery obligations, and are against the spirit and letter of the Rules and of this Court's prior orders. New York Life will be ordered to provide the answers to interrogatories and documents requested by the Patels. To the extent that New York Life responds to interrogatories with production of documents, Rule 33(d)(1) requires that it specify which documents are responsive. Finally, because New York Life's objections to the interrogatories and requests for production were nonspecific, those objections are waived. Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B); L.R. 33.1(b).

Rule 37(a)(5)(A) requires the Court to award expenses and fees when granting a motion to compel, subject to some exceptions. The Patels are directed to file an affidavit documenting their expenses and fees incurred in bringing the instant motion by December 8, 2014. New York Life will be given 7 days after any affidavit is filed to file its objections.

## II. Motion to Modify the Court's Schedule

Allowing discovery to continue requires some modification of the deadlines in this case.

The Patels filed a motion to modify the Court's schedule (Doc. 110) which New York Life opposed primarily on grounds that the motion was not timely filed. (Doc. 112, pp. 3–4). In giving New York Life the option to produce a witness for a deposition scheduled for October 6 or to reschedule the deposition, the Court stated that if New York Life elected to reschedule the deposition, "the scheduling order will be modified." (Doc. 106). Knowing that the Court had already decided that modification of the scheduling order would occur, New York Life's present opposition to the Patels' motion is curious. New York Life does not oppose on grounds that the proposed modification is impracticable—indeed, the Patels represent through counsel that agreement was reached as to dates of deposition and a new discovery deadline, and New York Life does not argue otherwise. Accordingly, the motion to modify the schedule will be granted, in that the deadlines for completing discovery and filing a motion to amend the pleadings will be extended to January 16, 2015. Trial will be reset and an amended final scheduling order will issue separately.

### III.   Expenses and Fees Related to New York Life's Motion to Compel

New York Life filed a motion to compel (Doc. 81) on August 26, 2014, after the Patels failed to respond to discovery by a mutually agreed upon date. The Patels did not respond to the motion to compel, and consequently were ordered to produce discovery. (Doc. 88). Because Federal Rule of Civil Procedure 37(a)(5) generally requires the Court to award expenses and fees to a movant when granting a motion to compel disclosure or discovery, the Court also directed New York Life to file an affidavit documenting its fees and expenses and gave the Patels 7 days to file objections. New York Life filed the affidavit of its counsel, Steve Bingham, on September 5, 2014. (Doc. 92). The Patels had no objections. In moving for that production, Mr. Bingham represents that his normal hourly rate is $270.00 per hour and that in connection with

3

the motion to compel, he expended a total of 1.7 hours.  Mr. Bingham seeks attorney's fees of $459.00, and denies that there were any appreciable expenses associated with the motion.

The Court finds that Mr. Bingham's hourly rate is reasonable and customary in light of the circumstances, that New York Life attempted to obtain the requested discovery in good faith prior to filing the motion to compel (even going so far as to give Mr. McDermott an extension of time to produce for the Patels), that failure to produce was not justified, and that an award of expenses is not unjust.  Accordingly, the Court will order sanctions be paid to New York Life in the amount of $459.00.  It appears from Exhibit B of New York Life's motion to compel that the failure to respond is attributable to Mr. McDermott, whose email to Mr. Bingham indicates that as of August 19 (approximately a month past the original deadline for responding and several weeks past the extension given to Mr. McDermott due to his recent entry of appearance), Mr. McDermott had only just begun to work on the Patels' case.  (Doc. 81-2).  However, because there was no response to New York Life's motion to compel, it is not clear to the Court that Mr. McDermott is solely responsible for the failure to produce discovery.  Accordingly, the Patels and Mr. McDermott will be jointly ordered to pay the sanctions.

**IV.    Conclusion**

IT IS THEREFORE ORDERED that the Patels' motion to compel (Doc. 108) is GRANTED.  New York Life must produce responses no later than December 8, 2014.

IT IS FURTHERMORE ORDERED that the Patels' motion to modify the Court's schedule (Doc. 110) is GRANTED.  Discovery must be completed and any motions to amend the pleadings must be filed by January 16, 2015.  A modified scheduling order will be issued.

IT IS FURTHERMORE ORDERED that the Patels and Mr. McDermott pay $459.00 to New York Life no later than December 8, 2014.

IT IS SO ORDERED this 1st day of December, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE