IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NATVERLAL PATEL and
JASWANTI PATEL                                                                                    PLAINTIFFS

v.                                            Case No. 4:10-cv-04195

NEW YORK LIFE INSURANCE
COMPANY                                                                                            DEFENDANT

**ORDER**

Before the Court is Defendant New York Life Insurance Company's ("New York Life") Motion for Summary Judgment. (ECF No. 75). Plaintiffs Natverlal Patel and Jaswanti Patel ("the Patels") have responded. (ECF No. 84). New York Life has replied. (ECF No. 89). The Court finds this matter ripe for its consideration.

**I. Background**

This lawsuit was originally filed in Miller County, Arkansas state court on November 17, 2010. (ECF No. 1). After being removed to this Court, the Court granted Defendant's Motion to Dismiss, which dismissed all of Plaintiffs' causes of action except their breach-of-contract claim. The Court ordered Plaintiffs to file a more definite statement to include a more definite timeline of when they believed Defendant breached their contract. Plaintiffs filed an Amended Complaint on December 30, 2011. (ECF No. 16). The Court then granted Defendant's renewed Motion to Dismiss, which dismissed all of Plaintiffs' claims.

Plaintiffs appealed the orders dismissing their claims. The Eighth Circuit reversed the dismissal of the breach-of-contract claim against New York Life, stating that "the facts alleged in cursory fashion raised the plausible theory that failure to disclose prior arthritis treatment in 1999 was not a material misrepresentation warranting recision of the policies when Ms. Patel was

thereafter disabled by car accidents and back surgery." (ECF No. 54, 2).

Thus, the remaining claim in this lawsuit is the Patels' allegation that New York Life breached its contract with them by refusing to honor disability-based waiver-of-premium provisions in the Patels' life insurance policies when Jaswanti Patel became disabled. New York Life, through a letter to the Patels, declared it was rescinding the waiver-of-premium provisions based on the Patels' failure to disclose Jaswanti Patel's prior arthritis treatments in the initial application. The Patels allege that New York Life wrongfully rescinded the provisions. The Patels purchased a number of New York Life life insurance policies from Vikram Trivedi ("Trivedi"). The breach-of-contract claim which remains concerns only the policies that contain disability-based waiver-of-premium provisions or riders. The policies at issue are Policy 46-408-470 ("Policy 470"), Policy 46-524-686 ("Policy 686"), and Policy 46-638-979 ("Policy 979").

## II. Discussion

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026 (8th Cir. 2000). The Court must review the facts in the light most favorable to the nonmovant and give that party the benefit of any inferences that can logically be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602, 606 (8th Cir. 1999). Once the movant has met its burden, the nonmovant must present specific facts showing a genuine issue of material fact for trial. *Matsushita*, 475 U.S. at 587. To show a genuine issue of material fact, the nonmovant must produce evidence "such that a reasonable jury could return a verdict for the [nonmovant]." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66-67 (8th Cir. 1994)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Court must first address what summary judgment evidence is properly before it. The Patels, in their Response to Defendant's Motion for Summary Judgment, rely on a Second Amended Complaint. Their Motion for Leave to File that Second Amended Complaint was filed the same day as their Response to the Motion for Summary Judgment, (ECF No. 87), and it was subsequently denied. (ECF No. 100). Therefore, the Complaint upon which the Patels' Response is based is not the operative Complaint in this lawsuit. The Court has instead analyzed the Defendant's Motion for Summary Judgment using the operative Complaint, the Patel's Amended Complaint filed December 30, 2011. (ECF No. 16).

The Court will, however, consider the attached Second Amended Complaint, insomuch as it contains factual assertions, as a sworn affidavit of the Patels. *See Williams v. Adams*, 935 F.2d 960, 961 (8th Cir. 1991) ("A verified complaint is the equivalent of an affidavit for summary judgment purposes."). The Second Amended Complaint is verified, sets forth specific facts, and is made with personal knowledge. This follows the requirements of Federal Rule of Civil Procedure 56(c)(4) and will thus be treated as an affidavit. The Court will also consider the attached documents as evidence in opposition to New York Life's Motion for Summary Judgment.

### i. Policy 470

New York Life asserts it is undisputed that it approved the Patels' disability-based waiver-of-benefits claim for Policy 470, which moots any claim as to that policy. Plaintiffs, in their Responses to Request for Admission, admitted that "despite the allegations of [their] Amended Complaint, Defendant honored the waiver of premium provision in Policy [470]." (ECF No. 75, Ex. B). Additionally, a letter dated August 8, 2008 from New York Life to Jaswanti Patel confirmed that the

waiver-of-premium benefits were requested and approved for Policy 470.

The Patels respond, for the first time, that New York Life breached its obligations on policy 470 in a number of other ways, as alleged in their Second Amended Complaint which was never properly before the Court. Thus, Plaintiffs have not pled these allegations as a cause of action in their Complaint, and they will not be considered now. (ECF No. 16), *see Taha v. Engstrand*, 987 F.2d 505 (8th Cir. 1993) (holding that district court justifiably ignored certain claims in determining whether to grant summary judgment where those claims were not made in complaint); *Frontrage Solutions USA, Inc. v. Newroad Softward, Inc.*, 505 F. Supp. 2d 821 (D. Colo. 2007) (holding that software owner could not pursue claim against reseller by adopting new theory in its summary judgment response brief that was never pled as a cause of action).

Jaswanti Patel was declared disabled in 2003. In Plaintiffs' Amended Complaint, they allege New York Life breached its contract with them in 2008 when New York Life "refused to honor the waiver of premium benefit" in the contracts. (ECF No. 16). It is undisputed that, in 2008, New York Life agreed to honor the disability-based waiver-of-premium benefit on the 470 Policy. Therefore, there is no genuine dispute of material fact to survive summary judgment on the Patels' claim as it pertains to Policy 470.

### ii. Policy 686 and Policy 979

New York Life argues there are two reasons Summary Judgment should be granted with respect to Policy 686 and Policy 979: (1) the language of the policy gave it the right to rescind; and (2) the Patels made a material misrepresentation that precluded the issuance of the policy.

First, New York Life asserts that the language of the policies clearly give it the right to rescind the disability-based waiver-of-premium provision within two years of its effective date. The

4

Patels applied for these policies on June 1, 1999 and November 18, 1999. The Patels claim that Jaswanti Patel was injured in June 2000, February 2001, and/or March 2001, and that she made her claim for waiver of premiums in 2002. The evidence shows that, in the policies, New York Life retained the right to "contest and rescind the Disability Waiver of Premium benefit whenever the insured is totally disabled at any time within two years of the rider's effective date." (Plaintiffs' Exhibit N to the Amended Complaint). Because Ms. Patel was injured and totally disabled within the time frame of the provision for rescission, New York Life argues that they had a right to rescind the disability-based waiver-of-premium benefit, so there is no breach.

New York Life did not rescind the disability-based waiver-of-premium benefit under the right-to-rescind provision to which they now cite. Generally, in order to accomplish rescission, there must be an election to rescind within a reasonable time after knowledge of the existence of the cause, with notice to the other party, and the electing party must cease accepting benefits under the contract. *Baker v. Penn Mut. Life Ins. Co.*, 788 F.2d 650 (10th Cir. 1986). In this case, New York Life rescinded the provision because the Patels falsified their applications. The Patels never received any notice that their waiver of benefits rider was being rescinded because of Ms. Patel's disability, and New York Life cites no law in support of their argument.

Alternatively, New York Life claims they did not breach the contracts because they were retroactively rescinded when New York Life discovered that Jaswanti Patel's application contained a material misrepresentation concerning her arthritis treatment. New York Life presents evidence that the representations were material. The Patels do not dispute that the misrepresentations were material nor that New York Life was entitled to rescind the policies on that basis. However, they assert that New York Life is estopped from denying them benefits because New York Life's agent,

Trivedi, filled out the application, and Jaswanti was unaware of its contents, including the material misrepresentation, when she signed it. The Patels assert that, under Arkansas law, when an insurance agent fraudulently fills out an insurance application without the knowledge of the insured, the insurance company is deemed to have knowledge of the fraudulent representation when it issued the policy. *See Time Insurance Company v. Graves*, 734 S.W.2d 213 (Ark. 1987).

The general rule is that a person who signs a document is bound by law to know its contents, absent fraud or other inequitable conduct. *Neill v. Nationwide Mut. Fire Ins. Co.*, 139 S.W.3d 484 (Ark. 2003). This exception for fraud or inequitable conduct is broader in insurance cases because of the disparity of bargaining power between the parties. *Id.* As such, an insurer cannot use misstatements in an application that result from fraud, negligence or mistake by the insurer's agent[1] to avoid liability on a policy, if the agent was acting within the scope of his authority and there was no fraud or collusion on the part of the insured. *See Burnett v. Philadelphia Life Ins. Co.*, 101 S.W.3d 843 (Ark. Ct. App. 2003) (collecting cases).

In *Interstate Fire Ins. Co. of Chattanooga, Tenn. v. Ingram* from the Arkansas Court of Appeals, the insurance agent asked Ingram questions and filled out the insurance application, which Ingram signed. Although there were several questions answered incorrectly, Ingram testified that he correctly answered each question that the agent asked and, therefore, the agent must have inaccurately recorded his answers. The insurance company was not entitled to a directed verdict on the evidence. Moreover, there was no error in instructing the jury that, where the facts were

---

[1] Arkansas draws a distinction between general agents and soliciting agents for the purposes of an insured's liability based on misrepresentation. *See Dodds v. Hanover Ins. Co.*, 880 S.W.2d 311 (Ark. 1994). However, because the insurer may be liable regardless of the status of the agent if there is fraud, negligence, or mistake, *Burnett v. Philadelphia Life Ins. Co.*, 101 S.W.3d 843, 849 (Ark. Ct. App. 2003) (collecting cases), and the Patels have alleged that there was fraud, negligence, or mistake on the part of Trivedi, the distinction is irrelevant at this stage.

truthfully stated to an agent but, by fraud, negligence, or mistake, the agent misstated the information, the company cannot avoid liability if the agent had authority and there is no fraud or collusion on the part of the insured. *Ingram*, 511 S.W.2d 471 (Ark. Ct. App. 1974).

Similarly, in *Burnett v. Philadelphia Life Ins. Co.*, the Arkansas Court of Appeals reversed and remanded a trial court's grant of summary judgment on a claim for the proceeds of a life insurance policy. There was evidence that the insured accurately disclosed his medical history to the insurance agent. Therefore, there were material issues of material fact regarding whether the insurance company could deny benefits under the policy. *Burnett*, 101 S.W.3d at 849, *compare Carmichael v. Nationwide Life Ins. Co.*, 810 S.W.2d 39, 42 (Ark. 1991) (summary judgment appropriate where plaintiff offers no evidence of incorrect or fraudulent recordation of an applicant's answers to rebut the insurer's assertion to the contrary).

The Court finds that there are remaining issues of fact with respect to the Patels' claim for breach of contract on Policies 686 and 979. There are disputed issues of fact as to whether New York Life, through Trivedi, asked and incorrectly recorded Ms. Patel's responses concerning her prior arthritis treatment, such that the knowledge of her prior arthritis should be imputed to New York Life. In the Patels' sworn Second Amended Complaint they assert that "Trivedi . . . persuaded [Ms. Patel] to purchase three whole life insurance policies . . . by falsely filling out her policy applications without her knowledge." They assert that Ms. Patel "did not read the applications presented to her by Trivedi before she signed them," "Trivedi did not inform [Ms. Patel] she might not be eligible for [Policy 686 and Policy 979] because she had been treated for arthritis," and Trivedi "did not inform New York Life that [Ms. Patel] had been treated for arthritis." (ECF No. 84, Ex. 1). These allegations, in a light most favorable to the Patels, imply that the Patels made

Trivedi aware of her prior arthritis treatment, and that he did not properly disclose that treatment to New York Life by recording it on her applications. The fact that Ms. Patel signed the policy indicating that the information is true and later signed a receipt that she received the policy is merely probative evidence of her misrepresentation and not dispositive of the case. *See Neill*, 98 S.W.3d at 451; *Carmichael*, 810 S.W.2d 39 ("[T]he fact that the decedent signed the application certifying the information contained in it was correct to the best of his knowledge is at least probative evidence of his misrepresentation.").[2]

### III. Conclusion

Accordingly, Defendant's Motion for Summary Judgment on the only remaining claim, breach of contract, is **GRANTED** in part and **DENIED** in part. Specifically, Defendant's motion is granted with respect to Policy 470. The motion is denied with respect to Policy 686 and Policy 979, as disputed issues of material fact remain for determination.

**IT IS SO ORDERED**, this 20th day of March, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] The Plaintiffs' brief alludes to Unjust Enrichment and the Tort of Bad Faith. Those claims have been dismissed and are no longer part of this lawsuit. As such, the Court will not address them.