IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NATVERLAL PATEL and
JASWANTI PATEL                                                                      PLAINTIFFS

v.                                      Case No. 4:10-cv-04195

NEW YORK LIFE INSURANCE
COMPANY                                                                              DEFENDANT

**ORDER**

Before the Court is the Plaintiffs' Motion for Reconsideration. (ECF No. 128). Plaintiffs request that the Court reconsider two of its Orders: (1) Order denying Plaintiffs' Motion to Amend their Complaint (ECF No. 126) and Order granting in part and denying in part Defendant's Motion for Summary Judgment (ECF No. 127). Defendant has responded. (ECF No. 130). The Court finds this matter ripe for its consideration.

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Such motions are usually construed as either a Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a "final judgment, order, or proceeding." The Eighth Circuit has determined that motions for reconsideration are directed at non-final orders, they should be construed as Rule 60(b) motions. *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003) (citing *Broadway*, 193 F.3d at 989).[1]

A party moving for reconsideration pursuant to any portion of Rule 60(b) must establish "exceptional circumstances" to obtain the "extraordinary relief" the rule provides. *United States v.*

---

[1] Plaintiffs assert that when the party files a motion for reconsideration of a non-final order more than ten days after the order was entered, the Court may treat it as a Rule 60(b) motion. The Court notes that the Plaintiffs' 10-day period comes from a previous version of Federal Rule of Civil Procedure 59(e). In 2009, that period was expanded to 28 days under the Federal Rules. Nonetheless, the Court is treating this Motion as a Rule 60 motion.

*One Parcel of Prop. Located at Tracts 10 and 11 of Lakeview Heights, Canyon Lake, Comal County, Texas*, 51 F.3d 117, 119 (8th Cir. 1995)). Simple reargument will not result in relief, *Broadway*, 193 F.3d at 989-90, likewise, a Rule 60(b) motion is not a second chance to raise new arguments which the original motion did not address.

Plaintiffs focus their arguments on the Court's Order denying them leave to file a second amended complaint. (ECF No. 126). They assert that they have sufficiently "alleged misrepresentation or other misconduct on the part of New York Life which resulted in the Court's interlocutory orders," such that reconsideration is appropriate under Rule 60(b)(3)." Plaintiffs argue that New York Life "misstated the previous Court's rulings to the new Court," which amounts to misrepresentation under Rule 60(b)(3).[2] Plaintiffs point out a number of alleged misstatements by New York Life that the Court accepted as true in denying Plaintiffs' Motion to Amend the Complaint, including the following: (1) descriptions of previous Court orders; (2) misstatements that the Plaintiffs' delay in filing their amended complaint "was not authorized by the previous Court and was not caused by New York Life's refusal to adequately respond to plaintiff's discovery;" (3) misstatements that the previous Court "did not rule that the Eighth Circuit decision did not prevent the plaintiffs' proposed amended complaint from stating a cause of action on all three policies;" and (4) misstatements that New York Life was prejudiced by the proposed second amended complaint.

Even if a party's interpretation to the Court of that Court's previous Order can be considered a "misstatement" or is "misconduct" under Rule 60(b)(3), Plaintiffs have not met their burden to demonstrate that the Court should reconsider its Orders. First, the Court can and does review the

---

[2]Plaintiffs also state that they were "not allowed under the local rules to point out the blatant misstatement of the previous Court's rulings on the issue to the Court." However, there is nothing in the local rules preventing Plaintiffs from filing a reply brief with the Court, where Plaintiff could make those arguments.

previous Orders on the docket regardless of the parties' interpretation of that Order. The Court, in making its decision in this case, reviewed and interpreted the previous Orders in this case. After that review, this Court denied Plaintiffs leave to amend their Complaint.[3] Additionally, Plaintiffs failed to make the arguments for Defendants' delays in discovery as a reason they should be granted Motion for Leave. Those arguments were all available to Plaintiffs at the time they filed their Motion for Leave to Amend the Complaint. The Court's authority to reconsider its orders is tempered by the understanding that, to promote finality, preserve judicial resources, and discourage piecemeal presentations, it should not reconsider a decision based on arguments that were not previously made, but were known by the party and could have been made.

Because the Court will not reconsider its denial of Plaintiffs' Motion to Amend the Complaint, there is no basis upon which to reconsider the Court's ruling that no disputed issue of facts remain regarding Plaintiffs' breach-of-contract claim on Policy 470.

Accordingly, Plaintiffs' Motion to Reconsider (ECF No. 128) is **DENIED.**

**IT IS SO ORDERED**, this 13th day of April, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[3] The Court notes and is sympathetic to the Plaintiffs' delay caused by the alleged errors of their previous attorneys. However, Plaintiffs can make those Complaints in the form of a malpractice action against their previous attorneys instead of as a reason to further delay this litigation.